UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

QUINAS YVETTE SMITH

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

No. CV-10-0421-CI

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are cross-Motions for Summary Judgment (ECF No. 13, 15.) Attorney Maureen J. Rosette represents Quinas Y. Smith (Plaintiff); Special Assistant United States Attorney Mathew W. Pile represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 7.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for Supplemental Security Income (SSI) on April 6, 2007. (Tr. 14, 136.) She alleged disability due to "asthma, bleeding ulcers, acid reflux, bipolar, mental health, insomnia, HBP [high blood pressure], paranoid around lots of people, hears voices, mind races," with an onset date of November 6, 2006. (Tr. 129.) Her claim was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on January 15, 2009, before ALJ Paul Gaughen.

Plaintiff, who appeared with counsel, medical expert Thomas McKnight, Jr., Ph.D., and vocational expert Sharon N. Welter testified. (Tr. 25-72.) On February 27, 2009, the ALJ denied benefits; the Appeals Council denied review. (Tr. 14-24.) Upon denial of review of the ALJ's decision by the Appeals Council, (Tr. 4-6), Plaintiff lodged this appeal pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will

still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). If a claimant establishes she cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984). If a claimant cannot perform other work in the national economy, she is disabled and eligible for benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g).

Special statutes and regulations govern disability claims that

involve drug and alcohol addiction (DAA). 42 U.S.C. § 423(d)(2)(C)(Contract with America Advancement Act of 1996 (CAAA)). The CAAA amended the definition of "disability" under the Social Security Act, providing that an individual is not disabled for purposes of social security benefits if DAA is material to the disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). Under the Commissioner's regulations (Regulations) an ALJ must follow a specific analysis that incorporates the sequential evaluation discussed above. 20 C.F.R. §§ 404.1535(a), 416.935(a). The ALJ first must conduct the five-step inquiry without attempting to determine the impact of a substance abuse/addiction disorder. If the ALJ finds that the claimant is not disabled under the five-step inquiry, the claimant is not entitled to benefits, and there is no need to proceed with further analysis. *Id*. If the ALJ finds the claimant disabled, and there is evidence of DAA, the ALJ should proceed with a second sequential evaluation and §§ 404.1535 or 416.935 to determine if the claimant would still be disabled absent the DAA. *Bustamante v. Massanari,* 262 F.3d 949, 955 (9th Cir. 2001). If found disabled with the effects of DAA, the claimant has the burden in steps one through four of the second sequential evaluation process to prove drug or alcohol abuse is not a contributing factor material to her disability. *Parra*, 481 F.3d at 748.

A claimant must provide competent evidence of a period of abstinence and medical source opinions relating to that period sufficient to establish DAA is not a contributing factor material to allegedly disabling impairments. *Id.* at 748-49.

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript

of proceedings and are briefly summarized here. Plaintiff was 41 years old at the time of the hearing in January 2009. (Tr. 43.) She testified she quit high school in the 12th grade and did not obtain a GED. Plaintiff has a history of drug addiction, alcohol abuse and incarceration for minor theft convictions. (Tr. 244.) She testified she has been in DAA treatment several times and takes medication for her mental conditions. (Tr. 38, 58.) Plaintiff reported she has three daughters. Her sixteen year old, who is receiving SSI benefits, lives with her. Plaintiff stated she last worked as an inventory clerk but quit due to an emergency surgery. (Tr. 52.) She testified she can no longer work because she is "mentally unstable," does not like to be around people, and has memory and concentration problems. (Tr. 52-53, 60.)

**ADMINISTRATIVE DECISION**

After summarizing the evaluation process used where there is medical evidence of a substance abuse disorder, 20 C.F.R. §§ 404.1535, 416.935, the ALJ proceeded with the first sequential evaluation with the effects of DAA. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 1, 2004, the alleged onset date. (Tr. 17.) At step two, he found Plaintiff had the severe impairments of "substance abuse/dependence disorders (cannabis and cocaine); a personality disorder with paranoid, borderline, dependent and avoidant traits; and a schizoaffective and/or depressive disorder by history." (Tr. 16.) The ALJ found indications of borderline intellectual functioning were not supported by psychological evaluations and tests and concluded many of Plaintiff's symptoms were those caused by substance abuse. (Tr. 17.) He found evidence established

substance abuse as recent as October 2008, and during the period at issue, "there was never even a two month period in which she was clean and sober." (Tr. 21.) At step three, he determined Plaintiff's impairments, including her substance abuse, met sections 12.04, 12.08, and 12.09 of listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1 (Listings). (Tr. 20.)

Having thus determined Plaintiff was disabled with the effects of ongoing substance abuse, the ALJ proceeded to the second sequential evaluation without the effects of DAA and found if Plaintiff stopped using, she would not have an impairment or combination of impairments that meet a Listing. (Tr. 19.) He found that without the effects of DAA, Plaintiff would have the residual functional capacity (RFC) to perform "a full range of work at all exertional levels with the following non-exertional limitations: no detailed job instructions/tasks; no airborne pollutants such as fumes, chemicals, dust, etc.; a drug/alcohol-free [work] environment with limited superficial public contact." (Tr. 20.) He found with this RFC, Plaintiff could still perform her past work as an inventory clerk, a job that was performed at the medium level. (Tr. 22.) Proceeding to step five in the alternative, based on VE testimony, the ALJ found without the effects of DAA, if Plaintiff were restricted to light level work, there were other jobs she could perform in the national economy, such as cashier, fast food worker, and agricultural sorter. He found Plaintiff has not been abstinent from DAA for any length of time, and DAA is a "contributing factor material" to her disabling limitations." (Tr. 24.) The ALJ concluded Plaintiff has not been "disabled" as defined by the Social Security Act and 20 C.F.R. § 416.935 through the date of the

decision. (*Id.*)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ improperly rejected limitations assessed by the examining psychologist, disregarded opinions of the reviewing psychologist, and erroneously relied on medical expert testimony in finding she is not disabled without the effects of DAA. (ECF No. 14 at 7-13.) Defendant responds the ALJ's denial of benefits is supported by substantial evidence and free of legal error. (ECF No. 16.)

**DISCUSSION**

Plaintiff contends the ALJ did not give "specific" and "legitimate" reasons for rejecting the opinions of examining psychologist Scott Mabee, Ph.D. regarding her mental RFC. *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995). She also argues the ALJ's failure to mention moderate limitations assessed by non-examining physician Eugene Kester, M.D., in July 2007, is cause for reversal. (ECF No. 14 at 12-13.)

**A. Sequential Evaluation With the Effects of DAA**

Plaintiff specifically takes issue with the ALJ's reliance on Dr. McKnight's non-examining medical expert testimony in lieu of crediting marked and severe limitations assessed by Dr. Mabee and moderate limitations assessed by Dr. Kester. (ECF No. 14 at 13.) However, review of the entire record and the decision shows the ALJ complied with the special Regulations and case law governing claims in which DAA is involved. In that context, the weight given Dr. Mabee's evaluations, Dr. McKnight's testimony, and Dr. Kester's RFC assessment is without error. (Tr. 17-19.)

In the first sequential evaluation considering the effects of DAA, the ALJ discussed evidence from all three medical sources and properly gave more credit to Dr. Mabee's examining opinions than Dr. McKnight's and Dr. Kester's non-examining opinions.[1] Specifically, the ALJ found Dr. Mabee's evaluations were conducted while Plaintiff was actively abusing drugs (cannabis and cocaine). He credited Dr. Mabee's assessment of marked and severe functional limitations and found Plaintiff was disabled with the effects her polysubstance abuse/addiction disorder. (Tr. 18-19.)

Although the ALJ does not reference Dr. Kester by name, he specifically cites to Dr. Kester's evaluation and found, "As with the state agency medical consultants (Exhibits 5F-9F), under Criteria B for severity of functional limitations, even considering her substance abuse/addiction disorders, Dr. McKnight opined that the claimant has [moderate mental functioning limitations]." (Tr. 18, 283-300.) Independent review of the record shows Dr. Kester's notes and RFC findings identify substance addiction as a mental impairment causing multiple moderate limitations in concentration and social functioning. (Tr. 285, 287, 299.) Thus, the ALJ correctly acknowledged that both Dr. McKnight and Dr. Kester opined

---

[1] The opinions of an examining physician generally are given more weight than the opinions of a non-examining medical expert or reviewing physician. However, a medical expert's opinions after a review of the entire record may be considered substantial evidence sufficient to reject an examining physician if his opinion is supported by other medical evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Plaintiff was moderately limited with the effects of DAA. *Id.* However, based on all the evidence and considering Plaintiff's substance addiction disorder, he concluded her impairments were disabling. (Tr. 18.) Because the ALJ gave more weight to Dr. Mabee's examining opinions than to the non-examining opinions of Drs. McKnight and Kester, there is no legal error. *See Lester*, 81 F.3d at 830 (examining physician opinion entitled to greater weight than non-examining opinion). The ALJ's finding of disability with the effects of DAA is supported by substantial evidence, is without legal error, and complies with the Regulations and relevant case law. 20 C.F.R. § 416.935; *Bustamante*, 262 F.3d at 755.

**B. Sequential Evaluation Without the Effects of DAA**

Having found Plaintiff was disabled with the effects of chronic drug abuse and alcohol abuse, the ALJ correctly proceeded to the second sequential evaluation to determine if Plaintiff's mental impairments (personality disorder, schizo-affective and/or depressive disorder by history) would be disabling without the effects of DAA. (Tr. 19.) Assisted by Dr. McKnight, whose testimony and opinions are supported amply by other evidence in the record, the ALJ concluded symptoms associated with Plaintiff's mental disorders are the same symptoms associated with DAA. (Tr. 17.)

Plaintiff's contention that Dr. Mabee's assessments in March and May 2007 took into consideration her DAA, and thus establish that DAA is not material to her diagnoses and/or symptoms is unpersuasive. (ECF No. 14 at 12-13.)

The ALJ reasonably found Dr. Mabee's diagnoses of cocaine and marijuana dependence "in early partial remission" are contradicted

by evidence of ongoing cocaine and marijuana use throughout the medical records. (Tr. 17, 20-21, 246, 325.) For example, the record shows Plaintiff was evaluated at Geiger Correctional Center on March 15, 2007, after she was booked on February 13, 2007, for a 60-day sentence. (Tr. 17, 263-65.) Therefore, limitations assessed at that time reflect her mental functioning after 30 days of compelled abstinence. In May 2007, after release from Geiger, Plaintiff was evaluated again by Dr. Mabee and associates. (Tr. 17, 244-48.) During the interview, she reported she had used cocaine and alcohol since her last evaluation (March 2007), but claimed she was clean and sober for 40 days. Plaintiff also reported she had been in outpatient treatment for four or five days and was subject to drug testing through that program, but testing results were not submitted as requested by the ALJ during the hearing.[2] (Tr. 39,

---

[2] Although Plaintiff reported abstinence and ongoing hallucinations during her May 2007 evaluation, the ALJ discounted subjective complaints of hallucinations and disabling limitations. He found objective tests administered during the evaluation evidence over-reporting and referenced numerous inconsistencies in her actions and allegations and contradictions between her statements and reports to the providers. (Tr. 17, 21, 246.) The ALJ's credibility findings are unchallenged, and Plaintiff's unreliable reports are not sufficient to establish a period of sobriety. In addition, Plaintiff admitted to her medical providers she failed multiple attempts of inpatient treatment and did not follow up with outpatient treatment. (Tr. 315, 325.) Plaintiff's inability to provide objective evidence of successful treatment and/or abstinence

245.) Further, a mental health assessment dated October 20, 2008 documents Plaintiff's self report of long term drug use, recent drug-induced paranoia, and daily use of marijuana and cocaine use "a couple times a month" before her incarceration in August 2008. (Tr. 235.) Plaintiff presents no documentation that any period of sobriety persisted long enough to establish disability without the effects of DAA during the relevant period. *See* 20 C.F.R. § 416.920(a)(4)(ii)(a disabling impairment must meet duration requirement of at least twelve months); *see also* 20 C.F.R. § 416.501 (SSI benefits not payable for period that precedes first month following application date). Because Dr. Mabee's reports do not reflect Plaintiff's condition without the effects of DAA, they are not probative to the second sequential evaluation, and the ALJ was not required to reject them. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

The ALJ did not err in finding the record does not contain evidence that Plaintiff was clean and sober even for two months. (Tr. 21.) Plaintiff did not meet her burden to show DAA was not a contributing factor material to her disability, and the ALJ did not err with his second sequential evaluation without the effects of DAA.

**C. RFC Determination without the Effects of DAA**

The final determination regarding a claimant's ability to perform basic work is the sole responsibility of the Commissioner, involves consideration of the entire record, and includes limitations supported by competent evidence and credible testimony.

---

further supports the ALJ's denial of benefits.

20 C.F.R. §§ 416.927(e),.946(c); *Richardson,* 402 U.S. at 400; *Andrews*, 53 F.3d at 1039; *SSR* 96-8p. *SSR* 96-5p. Conflicts in medical testimony and ambiguities in the record are resolved by the ALJ, and where his determination is a rational interpretation of the evidence, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097.

Having determined Plaintiff's mental impairments without the effects of DAA did not meet or equal a Listing, the ALJ found Plaintiff had the remaining mental capacity to perform work tasks as long as the work did not involve detailed instructions or tasks, or more than limited, superficial contact with the public. (Tr. 20.) His findings are supported by limitations assessed at Geiger Corrections Center: *i.e.,* moderate limitations in the ability to perform complex and detailed tasks; and moderate to marked impairments in social relationships. (Tr. 265, 244.) The ALJ's RFC determination without the effects of substance abuse takes into consideration these limitations and Plaintiff's credited testimony that she does not like to interact with others by restricting Plaintiff to limited public interaction and unskilled work. (Tr. 22, 60.)

In addition, Dr. McKnight's testimony and opinions regarding Plaintiff's bipolar disorder diagnosis and work-related limitations support the ALJ's final RFC determination. His expert testimony is supported by the record (which he references throughout his testimony) and inferences reasonably flowing from the evidence; therefore, his opinions are considered substantial evidence. *Lester*, 81 F.3d at 831; *Andrews,* 53 F.3d at 1041. As Dr. McKnight

testified, there is no treating medical source observation confirming a diagnosis of bipolar disorder, and the diagnosis reported in the record appears to be based on Plaintiff's self-report or testing clearly compromised by ongoing, diagnosed polysubstance abuse.[3] (Tr. 32.) The record and Dr. McKnight also indicate Plaintiff's problems with memory, focus, and depression are overstated by Plaintiff and/or associated with drug abuse, a combination that also compromises the conclusions and diagnoses found in the Mabee reports. (Tr. 34, 35, 246, 273 (questionable or invalid personality tests), 281 (memory observed as "grossly in tact" by medical provider).)

The ALJ's RFC finding that Plaintiff can still perform her past work reflects a reasonable interpretation of all the evidence, and is supported by the record, including Plaintiff's documented work experience as an inventory clerk, a job she stated she left due to emergency surgery rather than any claimed disability. (Tr. 271.) Plaintiff provides no evidence to undermine the ALJ's finding that Plaintiff could still perform this work if she stopped the documented substance abuse. Viewing the record in its entirety, the ALJ's RFC determination is without error.

**CONCLUSION**

The Commissioner's denial of benefits is supported by

---

[3] As discussed above, diagnoses of alcohol and cocaine addiction "in partial remission," are undermined by Plaintiff's statements to providers. (Tr. 17, 35, 325.) Also, as noted by Dr. McKnight, test scores relied upon by Dr. Mabee did not reveal memory problems. (Tr. 33, 246, 264.)

substantial evidence and without legal error. Plaintiff failed to carry her burden of proving DAA was not a contributing factor material to a finding of disability; therefore she is not entitled to disability benefits under the Social Security Act. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is **DENIED**;

2. Defendant's Motion for Summary Judgment **(ECF No. 15)** is **GRANTED;**

3. Judgment shall be entered for Defendant.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant and the file shall be **CLOSED**.

DATED August 31, 2012.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE